IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RUBEN ARROYO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 08-cv-280-JPG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Pursuant to Federal Rule of Appellate Procedure 22(b)(1), the Court construes petitioner Ruben Arroyo's notice of appeal as a request for a certificate of appealability. *See Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). A § 2255 petitioner may not proceed on appeal without a certificate of appealability. 28 U.S.C. § 2253(c)(1); *see Ouska*, 246 F.3d at 1045. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004)*; Ouska*, 246 F.3d at 1045. To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Tennard*, 542 U.S. at 282; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability should issue if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"). The Court finds that Arroyo has not made such a showing and, accordingly, **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED**
**DATES:  February 5, 2010**

s/ J. Phil Gilbert
**J. Phil Gilbert, District Judge**